OPINION
This appeal is taken, upon a certification pursuant to Crim.R. 12(J), from an order of the court of common pleas granting the motion of the defendant-appellee, Laraytio Jackson, to suppress evidence.
On January 1, 1999, at about 9:00 p.m., a uniformed police officer was on routine patrol in a marked vehicle when he observed an automobile being driven to the left of the center line of a public thoroughfare. When the officer activated the light bar on his cruiser in an effort to stop the vehicle, the driver, later identified as Alonzo Lowery, started to pull to the side of the roadway to stop, but then continued forward. This action was repeated three times until the vehicle came to a full stop at a traffic light and then moved toward a parking space.
At that point, Jackson got out of the passenger side of the vehicle and fled at a full run. The officer pursued Jackson on foot for some three and one-half blocks, identifying himself as a police officer and ordering Jackson repeatedly to stop. As the chase was underway, the officer also used his radio to summon assistance, but Jackson eventually evaded him near a church. A search of that vicinity was fruitless until officers heard a rustling in some shrubbery and discovered Jackson lying face down beneath the bushes. He was raised to his feet, handcuffed and arrested for resisting arrest. Admittedly that charge was inappropriate and was dismissed later. The arresting officer testified at the suppression hearing that he should have charged Jackson with interfering with or obstructing the investigation that was predicated upon the traffic stop.
Jackson was transported to a police station in a police vehicle from which cocaine traceable to Jackson was later recovered. The cocaine was the evidence that was the subject of Jackson's motion to suppress.
In the entry granting the motion, the trial court held, inter alia, that Jackson's conduct, as described by the unrebutted testimony of the arresting officer (Jackson elected not to testify at the hearing), did not rise to the level that would have afforded police probable cause to arrest him. The court stated its legal conclusions in these terms:
First, defendant was not the operator of the automobile which displayed the erratic stopping and starting. Flight may be a factor giving rise to probable cause, but that alone is not sufficient. It is this Court's opinion that any perceived non-criminal activity of the defendant was insufficient to provide a basis for probable cause for his seizure and that said seizure under this analysis [wa]s unreasonable.
The singular assignment of error is that the court erred as a matter of law. We agree for the following reasons.
Where, as here, a vehicle is validly stopped as a result of the observation of a traffic violation, it is now well settled, as a matter of constitutional law, that the police have the right to detain for investigatory purposes not only the vehicle and its driver, but also any other occupants found in the vehicle, and to order all the occupants to get out of the vehicle for as long as it reasonably takes to achieve the legitimate aims of the investigation. Maryland v. Wilson (1997), 519 U.S. 408,117 S.Ct. 882; Pennsylvania v. Mimms (1977), 434 U.S. 106,98 S.Ct. 330. It follows, then, as a logical correlative of this rule, that any occupant of a lawfully detained vehicle is, by operation of law, placed in a position that gives rise to several affirmative duties in relation to the investigating officers, not the least of which is to remain at the scene of the detention and to respond to any orders appropriate to the investigation until it is reasonably concluded. Such duties have implicitly been recognized by the Ohio General Assembly in the codification of the criminal offense of obstructing official business. Under R.C.2921.31, the statute defining the elements of the offense, it is unlawful in this state for any person, without privilege to do so, to do anything that "purposefully hampers or impedes a public official in the performance of his lawful duties."
On the state of this record, the fundamental body of constitutional and statutory law bearing upon the rights and duties flowing from a lawful traffic stop must be applied to a set of facts that are, in all material respects, undisputed. Our decision is, accordingly, purely one of law, requiring that no deference be given to the trial court's ruling on Jackson's motion to suppress. See Ornelas v. United States (1996), 517 U.S. 690,116 S.Ct. 1657. Put in its simplest terms, that question involves whether the police had probable cause to arrest Jackson on the basis of what occurred after the vehicle in which he was a passenger was lawfully stopped for a traffic violation. We hold that the arrest was appropriately grounded in probable cause.
According to the record, the conduct that occurred in the wake of the stop was clearly inconsistent with the duties imposed by law on any occupant of a vehicle under the same or similar circumstances. Instead of remaining at the scene to face whatever consequences may have unfolded from the accepted protocol governing the investigation, Jackson chose to flout not only the requirements of the law, but also the authority it gave to the investigating officer, by jumping out of the stopped vehicle and immediately taking headlong flight — behavior that the United States Supreme Court has recently characterized as "the consummate act of evasion." Illinois v. Wardlow (2000), ___ U.S. ___, ___,120 S.Ct. 673, 676. And to compound the misbehavior, during the ensuing chase, he intentionally ignored the investigating officer's attempts to exercise the authority so clearly conferred under the circumstances by failing to heed the officer's repeated commands to cease running. Of further significance is that all of this occurred within full view of the officer.
Under these circumstances, the commonly understood threshold for probable cause was clearly met and exceeded. A police officer had personally seen Jackson engaging in affirmative acts that could reasonably have been construed as intentional hindrances of the officer's performance of his lawful duties during the traffic stop. There was, in sum, as a matter of law, an appropriate constitutional basis for believing that Jackson had committed the offense of obstructing official business under the definition set forth in R.C. 2921.31.
For all the foregoing reasons, we are persuaded that the trial court erred when it ruled instead that Jackson's flight involved nothing more under the attendant circumstances than "non-criminal activity" that "was insufficient to provide a basis for probable cause." Much more must be said of its significance as a matter of law. The circumstances gave rise to a valid arrest and ultimately to the seizure of evidence that should not have been held inadmissible pursuant to the exclusionary rule. We, accordingly, conclude that the state's assignment of error is well taken.
The judgment of the court of common pleas is, therefore, reversed, and this cause is remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
 Hildebrandt, P.J., and Sundermann J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The Court has placed of record its own entry in this case on the date of the release of this Opinion.